UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Patterson, #172454, ) | |
| ) | Civil Action No. 5:12-1373-JFA-KDW |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Robert Stevenson, III, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Bobby Patterson ("Petitioner" or "Patterson"), a state prisoner, filed a pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 22, 2012.[1] ECF No. 1. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment filed on October 24, 2012. ECF Nos. 27, 28. On October 25, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 29. Petitioner filed a response in opposition to Respondent's Motion on November 26, 2012. ECF No. 35. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment be granted.

I.      Background

Petitioner is incarcerated in Broad River Correctional Institution, of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In September 1990, Petitioner was indicted by the York County grand jury for murder and possession of a knife during the

---

[1] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), the Petition is considered filed the date Petitioner placed it in the prison mailing system. *See* ECF No. 1-2.

commission of a violent crime (#1990-GS-46-2657). ECF No. 27 at 1. A jury trial was conducted October 30 through November 1, 1990, before the Honorable William L. Howard in York, South Carolina. App. 1-172.[2] Attorneys Gerald W. Smith and Harry Dest of the York County Public Defender's Office represented Petitioner, and Solicitor Larry F. Grant represented the State. App. 1. Petitioner was found guilty and was sentenced to life for the murder charge with a consecutive term of five years for the possession-of-a-knife charge. App. 171.

II.     Procedural History

    A.     Direct Appeal

Attorney M. Anne Pearce of the South Carolina Office of Appellate Defense represented Petitioner on appeal, and on September 3, 1991 filed a brief presenting three issues for review:

1. Where a rap sheet indicated the existence but not the disposition of a prior charge for criminal sexual conduct, the lower court erred in denying appellant the opportunity to cross-examine the witness about the prior charge inasmuch as a conviction for criminal sexual conduct would form the basis for impeachment.
2. In refusing to allow defense counsel to question a prosecution witness about a prior charge for criminal sexual conduct, the lower court improperly restricted cross-examination in violation of the confrontation clause of the Sixth Amendment to the United States Constitution.
3. Appellant was deprived of a fair trial where there was no other means available of disclosure of impeachment evidence material to his guilt or innocence.

ECF No. 32-2 at 6.

In a per curiam decision filed April 24, 1992, the South Carolina Supreme Court affirmed Petitioner's conviction. ECF No. 32-4.

---

[2]Citations to "App." Refer to the Appendix as to Petitioner's claim for collateral relief in the state courts of South Carolina, which is available at ECF Nos. 27-1 and 27-2 in this habeas matter.

B.      First Post-Conviction-Relief ("PCR") Action

Petitioner filed a pro se Application for PCR dated August 24, 1993 (#1993-CP-46-1247). ECF No. 32-5. He alleged the following grounds for relief in his Application:

(a) Ineffective Assistance of Counsel at Trial.
(b) Improperly Indicted and Convicted for Murder whereas Crime did not constitute Murder pursuant to S.C. Code of Laws §17-90-30, as there was no Malice and Aforethought on part of Criminal Defendant and did not Kill and Murder Deceased at time of alleged Assault and Battery.

ECF 32-5 at 6.

The State filed its Return on November 19, 1993. ECF No. 32-6. The Honorable E.C. Burnett, III conducted an evidentiary hearing into the matter on June 28, 1994. App. 217-70 (hr'g tr.). Petitioner was present at the hearing and represented by Leroy Pendleton, Esq. *Id.* Assistant Attorney General ("AAG") Carl Stent represented the State. *Id.* Petitioner and his trial attorney, Gerald Smith, testified at the hearing. App. 218.

On August 18, 1994, Judge Burnett filed an Order of Dismissal, dismissing Petitioner's application for PCR. App. 271-75. Specifically, the PCR court issued the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing and to closely pass upon their credibility and has weighed their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. §17-27-80 (1985).
> The Applicant first alleges that he received ineffective assistance of counsel because counsel never investigated the Applicant's case, did not spend enough time preparing for trial, and failed to object to various statements presented in court. When an ineffectiveness claim is presented the defendant must show that counsel's representation was deficient. Deficient representation amounts to conduct that is not objectively reasonable under the circumstances. Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052 (1984). In addition, the defendant must show that the outcome of his proceeding was prejudiced and it

3

is reasonably probable that the outcome would have been different had counsel's performance not been deficient. Strickland, 466 U.S. at 694.

Specifically, this court finds that trial counsel met with the Applicant to discuss his case and that the Applicant related the facts and circumstances surrounding these charges. Further, this court finds that counsel investigated the case, had access to the Solicitor's file and filed discovery motions. Further, this Court finds that trial counsel also visited the scene of the crime, examined the autopsy reports, statements from the witnesses, summaries, and examined the murder weapon. This Court finds that trial counsel discussed the results of his investigation with the Applicant and discussed the defense of self-defense with the Applicant. This court finds that trial counsel attempted to enter negotiations whereby the Applicant would plead guilty, however the Applicant did not desire a guilty plea. This Court finds that the Applicant was informed by trial counsel of his constitutional rights associated with a jury trial. This Court finds that trial counsel examined the witnesses and informed the Applicant of the maximum sentence he could receive as a result of these charges.

Based on the foregoing, this court finds that trial counsel's performance before or during trial was not deficient nor was the Applicant prejudiced by such performance. In fact, this Court finds that the applicant's attorney demonstrated a normal degree of skill, knowledge and professional judgment that is expected of an attorney who practices criminal law. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, supra; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Trial counsel's testimony on this issue is very credible. On the other hand, the Applicant's testimony on this issue is not credible. This Court finds that the Applicant has failed to meet his burden of proof by a greater weight or preponderance of the evidence that he received ineffective assistance of counsel. This allegation is denied.

As to the allegation of improperly indicted and convicted of murder raised in the application, this Court finds that the Applicant has failed to meet his burden of proof regarding this allegation and it is hereby dismissed.

As to any and all allegations raised in the application and at the hearing not specifically addressed in this Order, this Court finds them to be waived by the Applicant as he failed to meet his burden of proof regarding any other allegations. All other allegations are hereby denied and dismissed.

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations before or during his trial and sentencing. Therefore, this application for post-conviction relief must be denied and dismissed.

App. 272-75.

PCR counsel failed to seek appellate review of the first PCR action, App. 199-200, and Petitioner attempted to file a pro se notice of appeal on May 29, 1996, App 196. The South

Carolina Supreme Court dismissed the appeal as untimely on June 3, 1996. App. 201. Petitioner unsuccessfully sought rehearing, App. 203-05, and the remittitur was issued on June 19, 1996. App. 198.

    C.    Second PCR Action

On July 2, 1997, Petitioner filed a second PCR application arguing PCR counsel failed to file a timely notice of appeal, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel (#1997-CP-46-1180). App. 174-78. In a separate affidavit in support of his application, Petitioner also alleged improper jury instructions, lack of subject matter jurisdiction due to defects in the indictment, newly discovered evidence, vacate sentence and remand and re-sentence, failure of Solicitor to reveal exculpatory evidence, and Solicitor arbitrarily sought a life sentence on mitigating circumstances. App. 179-80.

The State, represented by AAG Matthew M. McGuire, filed a Return and Motion to Dismiss on January 7, 1998, arguing Petitioner's claims were successive, but requesting an evidentiary hearing on the issue of "whether previous PCR counsel failed to perfect a requested appeal." App. 212-16.

On January 30, 1998, a hearing was held before the Honorable Jackson V. Gregory. App. 277. Attorney Charles W. Blackwell appeared for Petitioner, and AAG McGuire appeared on behalf of the State. *Id.* Petitioner and his first PCR counsel, Leroy Pendleton, testified. Tr. 278-86. Judge Gregory issued a written order on March 8, 1998, with the following conclusion:

> From the evidence in this case, I concluded that Applicant did request and was denied an opportunity to seek appellate review of the order dismissing his Application for Post Conviction Relief. Considering the possible grounds for appeal set forth in the attachments to the Application, and specifically the assertion trial counsel may have failed to establish the record for appeal, I found that Applicant did suffer prejudice as he was at least entitled to have this and any

> other arguable issues briefed by counsel. <u>Anders v. California</u>, 386, U.S. 738, 87 S. Ct. 1396, 18 L. Ed.(2d) 493 (1997); <u>Johnson v. State</u>, 294 S.C. 310, 364, S.E.2d 201 (1988).
>
> The other grounds for post conviction relief raised by Applicant are a reiteration of grounds set forth in his initial PCR action, and his Application is therefore dismissed as to them as being successive in nature.

App. 294. Petitioner was allowed to appeal the dismissal of his first PCR action. App. 295. Represented by Melody J. Brown of the South Carolina Office of Appellate Defense, Petitioner filed a Petition for Writ of Certiorari on December 16, 1998, arguing the PCR court "erred in failing to find former defense counsel ineffective when counsel failed to pursue a CSC [criminal sexual conduct] notation in the key witness's criminal record to impeach his credibility." ECF No. 32-9 at 3.  In its Return the State argued that "the first PCR court correctly found counsel provided effective representation where convictions for crimes of moral turpitude were required to impeach witnesses at the time of Petitioner's trial." ECF No. 32-10 at 6. The South Carolina Supreme Court granted the petition to seek review of his PCR application; however, after review, the court denied certiorari on December 3, 1999. ECF No. 32-11.

     D.      State Habeas Petition

Petitioner filed a State Habeas Corpus Petition on July 18, 2000 (#2000-CP-46-1754), arguing that the trial court improperly charged the jury on instruction for self-defense, the trial court lacked subject matter jurisdiction, and the trial court improperly charged the jury on *Miranda*[3] warnings. ECF No. 32-12 at 3-22. On August 1, 2000, Judge John C. Hayes, III issued an order denying and dismissing the Petition for Writ of Habeas Corpus because the issues were either "raised or available to be asserted on direct appeal or through Post Conviction Relief

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

6

proceedings." *Id.* at 23. Petitioner filed a Motion to Alter and Amend the Court Order and Judgment on August 24, 2000. *Id.* at 24. Judge Hayes denied the motion on May 7, 2001. *Id.* at 29.

On appeal Petitioner, represented by Attorney Wanda H. Haile of the South Carolina Office of Appellate Defense, filed an *Anders*[4] Brief with the South Carolina Supreme Court on February 24, 2003. ECF No. 32-14. In an order filed on August 27, 2003, the South Carolina Court of Appeals denied the appeal and granted counsel's motion to withdraw. ECF No. 32-15. Petitioner did not file a petition for rehearing in the Court of Appeals, but instead attempted to seek certiorari in the South Carolina Supreme Court. See ECF No. 32-16. The South Carolina Supreme Court issued an order on September 9, 2003, finding there was no final decision for review and dismissed the matter. *Id.* The Court of Appeals issued the remittitur on October 7, 2003. ECF No. 32-17.

E.     Third PCR

On September 25, 2003, after the denial of his state habeas action, but before the issuance of the remittitur, Petitioner filed a third PCR application (#2003-CP-46-2594). ECF No. 33-1. The State filed a response arguing that the application was successive and untimely. ECF No. 33-2. On June 10, 2005 the Honorable John C. Hayes, III issued a conditional order of dismissal granting Petitioner 30 days in which to explain why the action should not be dismissed. ECF No. 33-3. On July 6, 2005, Petitioner's attorney, Philip W. Jamieson, filed an answer explaining that Petitioner asserted there was newly discovered evidence. ECF No. 33-4. Attorney Jamieson noted that as an officer of the court, "his review of the transcript reveal[ed] no evidence to

---

[4] *Anders v. California*, 386 U.S. 738 (1967).

support the contentions of the [Petitioner]. *Id.* On September 8, 2005, the PCR court issued a final order of dismissal finding the application was successive and untimely. ECF No. 33-5. Petitioner filed a Notice of Appeal, ECF No. 33-6, but on November 8, 2005 the South Carolina Supreme Court dismissed the appeal, ECF No. 33-7. The remittitur issued on November 30, 2005. ECF No. 33-8.

    F.    Writ of Mandamus

Petitioner filed a writ of mandamus with the South Carolina Supreme Court on February 24, 2006, alleging his constitutional rights were violated. ECF No. 33-9 at 1-28. The court dismissed the writ, along with other matters, on March 7, 2006, "because no extraordinary reason exist[ed]" for the South Carolina Supreme Court to exercise its jurisdiction. ECF No. 33-9 at 29.

    G.    Fourth PCR

On March 21, 2006, Petitioner filed his fourth PCR application asserting, among other things, that the South Carolina Supreme Court improperly refused his mandamus action (#2006-CP-46-722). ECF No. 33-10. The State filed a return and motion to dismiss the application as successive and time barred. ECF No. 33-11. On October 4, 2006, the Honorable Lee S. Alford issued a conditional order of dismissal granting Petitioner 20 days to explain why the conditional order should not become final. ECF No. 33-12. Petitioner failed to respond, and the order of dismissal became final on May 14, 2007. ECF No. 33-13. Petitioner filed a Motion for Relief Pursuant to South Carolina Rule of Civil Procedure Rule 60(b)(2) on June 5, 2007. ECF No. 33-14. On August 15, 2007, the Honorable G. Edward Welmaker conducted a hearing on the motion. ECF No. 33-15. At the hearing Petitioner's counsel told the court that Petitioner wanted

to withdraw the motion. *Id.* at 4. Judge Welmaker issued an Order of Dismissal on September 7, 2007. ECF No. 33-16. Petitioner did not appeal the ruling.

    H.    Fifth PCR

On April 29, 2011, Petitioner filed an application for PCR alleging the trial court lacked subject matter jurisdiction based on an allegedly defective indictment (#2011-CP-46-1675). ECF No. 33-17. The State filed a return and motion to dismiss contending the application was successive, untimely, and barred by res judicata. ECF No. 33-18. On September 19, 2011, the Honorable John C. Hayes, III issues a Conditional Order of Dismissal giving Petitioner 20 days to demonstrate why the order should not become final. ECF No. 33-19. After Petitioner submitted his pro se response, Judge Hayes issued a Final Order of Dismissal on November 17, 2011. ECF No. 33-20. Petitioner did not file an appeal.

III.    Discussion

    A.    Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

**GROUND ONE:** Trial counsel failure to object to trial judge allowing prosecutor to alter and amend indictment, after jury selection had begun, violated Petitioner fifth and sixth amendment rights to the United States Constitution.

**SUPPORTING FACTS:**[5] Petitioner was supposedly indicted on September 10, 1990, term of Court of General Sessions for York County for murder and possession of a firearm or knife during the commission or attempt to commit a violent crime.
    The grand jury returned a signed and true billed indictment, "not indicting Petitioner", but one David Lee Wilson, and after jury selection had begun, state prosecutor discovered the error, see T.T. pg. 14, Line 21-25; pg. 15, line 1-8.

---

[5] Petitioner's grounds are set forth verbatim, although the undersigned does not include Petitioner's legal arguments that are interspersed within his Petition's "Supporting Facts." *See* ECF No. 1-1.

Prosecutor in the courthouse was allowed to alter and amend what the grand jury found and considered.

**GROUND TWO:** Whether trial judge denial of cross-examination of state witness Danny Thompson about criminal sexual conduct conviction, violated Petitioner right under the confrontation clause of the sixth amendment of the United States Constitution.

**SUPPORTING FACTS:** Petitioner submit that at bench conference during the cross-examination of prosecution witness Danny Thompson, defense counsel asked permission to question Thompson about his prior criminal record for impeachment purposes. The record included an arrest for criminal sexual conduct but did not indicate the disposition of the charge.
 Petitioner submit that trial counsel move to question witness Thompson to determine the nature and date of the disposition of the criminal sexual conduct charge. But, trial judge denied the request on the ground that defense counsel lacked sufficient foundation to make that inquiry. (ROA 36, line 3; ROA 37, line 15; see ROA 33, lines 4-7).

**GROUND THREE:** Whether trial judge denial of cross-examination of state witness for impeachment purposes, denied Petitioner a fair trial, where there was no alternative mean available for disclosure of impeachment evidence material to Petitioner innocence or guilt.

**SUPPORTING FACTS:** Petitioner submit that trial judge denial of access to cross-examination of state witness Danny Thompson, deprived him of an fair trial. The due process clause of the Fourteenth Amendment to the United States Constitution requires that a criminal defendant have access to impeachment evidence material to his guilt or innocence, see United States v. Bagley, 473 U.S. 667 (1985).
 Petitioner submit that trial counsel had made a motion for disclosure pursuant to Brady, supra. (see, ROA 1, line 25; ROA 3, line 12. And although the state prosecutor claimed to have had no personal knowledge of the disposition of the criminal sexual conduct charge against state witness Danny Thompson, certainly the state had access to such information.
 Petitioner submit that in light of the state's failure, in violation of Brady, to provide the requested information, trial judge should have allowed trial counsel to examine Thompson as to whether he had been convicted of the criminal sexual conduct charge.
 Petitioner submit that the testimonies further differs concerning Petitioner response to the victim taunts. Petitioner testified that he simply told the victim to stop the insults, while state witness Thompson testified that Petitioner stated that he would kill anyone who said bad things about his wife. These conflicting facts

go to the heart of the issue of malice and self-defense. Thus, the trial judge error was extremely prejudicial to Petitioner.

**GROUND FOUR:** The lower Courts erred in its ruling that the appearance, facts and circumstances, consisting of aggressive behavior, physical assault and verbal insults of wife, failed to establish self-defense.

**SUPPORTING FACTS:** Petitioner submit that after the insulting comment (victim ask Petitioner where was his wife, Petitioner responded, why you ask me about my wife, victim then replied, "I know where she's at, she's somewhere f---ing", ROA.p. 105, lines 1-3), about his wife by the victim, and even after he was warned by state witness Danny Thompson, the victim became increasing aggressive grabbing Petitioner around the neck and choking him.

And where there was no other possible way Petitioner could get the victim off him, fearing for his own life and safety, Petitioner manage to get his knife from his pocket and stabbed the victim, using only the necessary force to prevent the victim from choking him to death or causing bodily harm.

**GROUND FIVE:** The trial Court admission of alleged confession denied Petitioner his Fifth and Fourteenth Amendment right against compulsory self-incrimination.

**SUPPORTING FACTS:** Petitioner submit that arresting officer, Robert Breakefield, admitted during in-camera testimony, ROA.p.77, lines, 10-25, that he intentionally and deliberately failed to read Petitioner his miranda rights, after placing him under arrest because Petitioner was too intoxicated to give an cognizable intelligent statement, and officer Breakefield decided to wait until he sober up, ROA.p.79,line 25; p.80,lines,1-9.

It is Petitioner argument that the alleged confession never occurred, that Petitioner truthfully denied making the statement (I meant to kill the mother-f---er. I don't care if I get forty years), ROA.p.83,lines,2-9. That officer Brakefield testimony were false and un-corroborated.

Mem. in Supp. of Pet., ECF No. 1-1 at 3-10.

B.     Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth

11

specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.     Habeas Corpus Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute

further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Because Petitioner's conviction became final in 1992, before the enactment of the AEDPA, the one-year period of limitation would run from April 24, 1996, the day the AEDPA was enacted. *See Brown v. Angelone*, 150 F.3d 370, 375-76 (4th Cir. 1998) ("[P]risoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their § 2254 petition[.]").

IV.   Analysis

   A.   Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas Petition should be dismissed because the Petition was not filed within the expiration of the AEDPA's one year statute of limitation. ECF No. 27 at 13. Review of the record indicates Petitioner's federal habeas petition was not timely filed. As stated in the "Background" section above, Petitioner was convicted in 1990, and timely appealed his conviction and sentence. His appeal was denied, and Petitioner filed an application for PCR, which was denied. These actions took place prior to the enactment of the AEDPA. Petitioner filed a pro se notice of appeal on May 29, 1996, seeking belated appellate review of the denial of his 1993 PCR action. App. 196. However, on June 3, 1996 the Supreme Court of South Carolina dismissed the notice of appeal as untimely. App. 201. Accordingly, Petitioner's notice of appeal did not toll the limitations period because it was untimely and, therefore, not filed properly. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected Petitioner's PCRA Petition as untimely, it was not properly filed and he is not entitled to

13

statutory tolling under § 2244(d)(2)."). Petitioner did not file his second PCR action until July 2, 1997, 69 days after the expiration of the AEDPA's one-year time limitation. Petitioner filed this federal habeas petition more than 15 *years* after the expiration of the AEDPA statute of limitations.

Petitioner attempts to rely on the recent United States Supreme Court case of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to save his Petition from dismissal. Petitioner relies on § 2244(d)(1)(C) as the basis for his "new rule of constitutional law" timeliness argument. Petitioner argues that *Martinez* should be applied retroactively and, therefore, his "habeas petition was due one (1) year from the decision in Martinez, and the AEDPA do[es] not bar Petitioner the benefit of Martinez." Pet'r's Opp'n to Summ. J., ECF No. 35 at 2. This contention was found unavailing in *Coleman v. Sauers*, Civ. A. No. 12–2725, 2012 WL 4206287, *3 n.7 (E.D. Pa. July 26, 2012) ("Because *Martinez* did not purport to describe a constitutional right, let alone make it retroactively applicable, the alternate start date under Section 2244(d)(1)(C) cannot apply to render this Petition timely filed."). *See also Brown v. Kerestes*, No. 12–3750, 2013 WL 444672 (E.D. Pa. Feb. 06, 2013) (§ 2254); *Gamboa-Victoria v. United States*, Nos. 8:12–cv–2517–T–24–EAJ, 8:09–cv–1536–T–24–EAJ, 2012 WL 5449999 (M.D. Fla. Nov. 7, 2012) (§ 2255). The undersigned finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

B.     The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable

tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace*, 544 U.S. 408, 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it could be tolled). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

15

Petitioner argues that under *Martinez* the ineffectiveness of his first PCR attorney establishes cause that "excuses any procedural default barring this court['s] consideration of this issue." Pet'r's Opp'n to Summ. J., ECF No. 35 at 3. In *Coleman v. Thompson*, the Supreme Court held that ineffective assistance of counsel will constitute cause only if it is an independent constitutional violation. 501 U.S. 722, 755 (1991). In *Martinez*, the Court recognized a narrow exception to the rule established in *Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318 (internal citation omitted).

Here, unlike the petitioner in *Martinez*, Petitioner alleged in his first PCR action that he was denied effective assistance of trial counsel, and Petitioner was represented by counsel at the initial PCR hearing. Plaintiff's PCR counsel raised the issue of the ineffectiveness of trial counsel to the PCR court. The PCR court found that "trial counsel's performance before or during trial was not deficient nor was the Applicant prejudiced by such performance." App. 274. Petitioner has not demonstrated that his PCR counsel failed to raise or to develop adequately any ineffective-assistance-of-counsel ground that could be considered "substantial" under *Strickland* standards. Accordingly, equitable tolling of the statute of limitations is not merited. *See*

16

*Martinez*, 132 S. Ct. at 1318. Based upon the foregoing, the Petition was not timely filed, and this action should be dismissed as it is barred by the statute of limitations.[6]

IV.     Conclusion

For the foregoing reasons, the court recommends that Respondent's Motion for Summary Judgment, ECF No. 28, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

May 29, 2013                                                                 Kaymani D. West
Florence, South Carolina                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[6] Because the court finds that the statute of limitations bars Petitioner's § 2254 Petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).