UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby Patterson, | ) | C/A No. 5:12-1373-JFA-KDW |
| Petitioner, | ) | |
| v. | ) | ORDER |
| Robert Stevenson, III, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Bobby Patterson, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court convictions for murder and possession of a knife during the commission of a violent crime. After a jury convicted him in 1990, the petitioner was sentenced to life imprisonment.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted because the petition is untimely. The Report sets forth in detail the relevant facts and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation and filed timely objections thereto. Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner was tried by a jury and found guilty as charged and was sentenced to life imprisonment. He filed an unsuccessful appeal which was denied by the South Carolina Supreme Court on April 24, 1992. Thereafter, petitioner filed five separate applications for Post Conviction Relief (PCR), and the final PCR was dismissed on November 17, 2011.

In his present petition, Harris contends that: (1) trial counsel failed to object to the trial judge's allowance of the prosecutions amendment to the indictment; (2) the trial judge denied cross-examination of a state witness; (3) the trial judge denied cross-examination of a state witness for impeachment purposes and denied petitioner a fair trial; (4) the lower court erred in its ruling that self-defense was not established; and (5) the trial court's admission of an alleged confession denied petitioner his constitutional rights.

In his motion for summary judgment, the respondent asserts that the petition should be dismissed as untimely. The Magistrate Judge notes that petitioner was convicted in 1990 and his appeal was denied, as well as his first PCR. Such actions took place prior to the enactment of the AEDPA. In 1996, petitioner filed a *pro se* notice of appeal seeking belated appellate review of the denial of his 1993 PCR. However, the South Carolina Supreme Court dismissed the notice of appeal as untimely. Therefore, petitioner's notice of appeal did not

toll the limitations period because it was untimely and therefore, not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Petitioner did not file his second PCR until July 2, 1997, some 69 days after the expiration of the AEDPA's one-year time limitation. The instant petition was not filed until 15 years after the expiration of the AEDPA statute of limitations.

The Magistrate Judge further analyzed the petition to determine if it was subject to equitable tolling under *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) and *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) and found that equitable tolling of the statute of limitations is not merited in this case.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference, and the petitioner's objections are overruled. Accordingly, the respondent's motion for summary judgment (ECF No.28) is granted and the § 2254 petition is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial

4

IT IS SO ORDERED.

September 3, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

of a constitutional right."

4